UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BRANDON CROCKETT,

        Plaintiff,

  v.                                      Case No. 18-C-568

PRISONER TRANSPORT SERVICES
OF AMERICA LLC,
INTERNATIONAL PRISONER
TRANSFER TREATY,
RANDALL, and
CLAYTON,

        Defendants.

## SCREENING ORDER

Plaintiff Brandon Crockett, who is currently serving a state prison sentence at Dane County Jail and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on Plaintiff's motion for leave to proceed without prepaying the full filing fee and to screen Plaintiff's complaint pursuant to 28 U.S.C. § 1915A.

### MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

Plaintiff is required to pay the $400.00 filing fee for this action, which includes a $350.00 statutory filing fee and a $50.00 administrative fee. *See* 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, he can request leave to proceed without prepayment of the full filing fee. In that case, the prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 statutory filing fee but not the $50.00 administrative fee. *See* 28 U.S.C.

§ 1915(b)(1). Plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2), and has been assessed and paid an initial partial filing fee of $60.00. Plaintiff's motion for leave to proceed without prepaying the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain sufficient factual matter "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court accepts the factual allegations as true and liberally construes them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). Nevertheless, the complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

2

## ALLEGATIONS OF THE COMPLAINT

Plaintiff alleges that, on June 4, 2017, he was transported from the Cook County Jail in Chicago, Illinois to the Dane County Jail in Madison, Wisconsin by defendants Randall and Clayton. Once the transport vehicle reached Racine County, Wisconsin, Randall turned the air conditioning off in the back passenger compartment of the vehicle. Plaintiff claims that once the vehicle stopped at the Racine County Jail, he was not allowed to use the restroom or get a drink of water. He asked Clayton if he could escort Plaintiff to the vehicle because he did not want to be alone with Randall. Clayton refused Plaintiff's request. He asserts Randall "forcefully" removed him from the Racine County Jail intake area and shoved him in the back of the van, causing injury to his back, left bicep, ankles, and waist.

## THE COURT'S ANALYSIS

Plaintiff asserts that Randall violated his constitutional rights by using excessive force against him. Because Plaintiff was a pretrial detainee at the time of the alleged events, his excessive force claim is governed by the Fourteenth Amendment's Due Process Clause, rather than the Eighth Amendment. *Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989). A pretrial detainee is entitled to "at least as great as the Eighth Amendment protections available to a convicted prisoner." *City of Revere v. Mass Gen. Hosp.*, 463 U.S. 239, 244 (1983); *see also Cavalieri v. Shepard*, 321 F.3d 616, 620 (7th Cir. 2003). Therefore, the court applies the same legal standards to claims brought under either the Eighth or Fourteenth Amendments. *Minix v. Canarecci*, 597 F.3d 824, 831 (7th Cir. 2010).

The Eighth Amendment prohibits the "unnecessary and wanton infliction of pain" on prisoners. *Hudson v. McMillian*, 503 U.S. 1, 5 (1992). The Supreme Court has held that the core judicial inquiry in an excessive force claim is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Id.* at 6. Although significant injury is not required to sufficiently allege an excessive force claim, "a claim ordinarily cannot be predicated upon a de minimis use of physical force." *DeWalt v. Carter*, 224 F.3d 607, 620 (7th Cir. 2000) (citing *Hudson*, 503 U.S. at 9–10). "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers" violates a prisoner's constitutional rights. *Hudson*, 503 U.S. at 9 (citing *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir. 1973)). Randall's simple act of shoving Plaintiff into the back of the transport vehicle is the type of de minimis use of force that does not constitute cruel and unusual punishment. While this brief use of force may have resulted in temporary pain and discomfort, Plaintiff's allegations are insufficient to demonstrate a constitutional violation.

Plaintiff's failure to protect claim against Clayton necessarily fails as well. Plaintiff asserts Clayton failed to protect him from Randall. To state a failure to protect claim, Plaintiff must allege that a guard failed to act despite knowledge of an impending harm that was readily preventable. *Gibbs v. Franklin*, 49 F.3d 1206, 1207 (7th Cir. 1995). A prison official acts with deliberate indifference if he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Plaintiff has not alleged that he suffered serious harm, and Clayton therefore had no

4

obligation to protect Plaintiff from a harm that never occurred. Accordingly, Plaintiff fails to state a claim against Clayton.

Finally, Plaintiff asserts that his inhumane travel conditions violated the Eighth Amendment. Specifically, he claims the lack of air conditioning in the back passenger compartment made it hard for him to breathe. Based on the allegations in the complaint, there is no basis for finding that the defendants violated Plaintiff's constitutional rights while transporting him to Madison, Wisconsin. "Prison conditions may be harsh and uncomfortable without violating the Eighth Amendment prohibition against cruel and unusual punishment." *Dixon v. Godinez*, 114 F.3d 640, 642 (7th Cir. 1997). "[O]nly those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." *Hudson*, 503 U.S. at 9 (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)).

In determining whether extreme heat or extreme cold constitute cruel and unusual punishment, the court considers the severity and duration of the condition. *Wilson*, 501 U.S. at 304–05; *Dixon*, 114 F.3d at 643 (noting that "it is not just the severity of the cold, but the duration of the condition, which determines whether the conditions of confinement are unconstitutional"). Here, Plaintiff alleges that over the course of a single-day transport, with a stop in Racine County, he rode in a vehicle that did not supply air conditioning for the entire ride. The court recognizes that the conditions during Plaintiff's transport may have been unpleasant. But given the short duration of the trip, and the more limited time during which the back passenger compartment did not have air conditioning, Plaintiff's allegations do not amount to a constitutional deprivation. Therefore, Plaintiff has failed to state a conditions of confinement claim.

5

The complaint names Prison Transport Services of America LLC and International Prisoner Transfer Treaty as defendants. The court will dismiss these entities as defendants because Plaintiff's complaint does not contain any allegations against them.

This plaintiff has provided no arguable basis for relief, having failed to make any rational argument in law or fact to support his claims. *See House v. Belford*, 956 F.2d 711, 720 (7th Cir. 1992) (quoting *Williams v. Faulkner*, 837 F.2d 304, 308 (7th Cir. 1988), *aff'd sub nom. Neitzke v. Williams*, 490 U.S. 319 (1989)).

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) **for failure to state a claim**.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the agency having custody of the prisoner shall collect from his institution trust account the $290.00 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If the plaintiff is transferred to another institution, the transferring institution shall forward a copy of this Order along with plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

Dated at Green Bay, Wisconsin this  2nd  day of May, 2018.

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court

---

This order and the judgment to follow are final. The plaintiff may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If the plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If the plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. § 1915(g). If the plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.